**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TALAL MOHAMMAD ABBAAS ALSMADI,<br><br>                 Petitioner,<br><br>     v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                 Respondents. | Case No.  EDCV 26-3133-PVC<br><br>**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

Petitioner Talal Mohmmad Abbaas Alsmadi ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Markwayne Mullin, Secretary of the United States Department of Homeland Security; Rodeny S. Scott, Commissioner of United States Customs and Border Protection; Jaime Rios, Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; Eddy Wang, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; and the Warden of Desert View Facility on June 8, 2026.  (Pet., Dkt. No. 1).  The Petition

states that Petitioner has been in immigration custody since May 2026. (*Id.* at 2).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California. (*Id.* at 8).   Petitioner alleges that his continued detention without a bond hearing violates the Fifth Amendment (*id.* at 14–18), Immigration and Nationality Act ("INA") (*id.* at 23–24); and the Administrative Procedure Act (*id.* at 24–25).  The Petition seeks relief in the form of an order requiring that Respondents release Petitioner; restore Petitioner to the supervision conditions existing immediately before his detention; and enjoin Respondents from re-detaining Petitioner absent advance written notice, disclosure of asserted grounds, a showing of materially changed circumstances, individualized findings concerning danger or flight risk, constitutionally adequate process before a neutral adjudicator, and a showing by clear and convincing evidence that detention rather than less restrictive alternatives is necessary. (*Id.* at 27).   In the alternative, Petitioner requests an order requiring that Respondents provide Petitioner an immediate individualized custody proceeding before a neutral Immigration Judge within seven days at which Respondents bear the burden of proving danger or flight risk by clear and convincing evidence . (*Id.* at 27–28).

Respondents filed their Answer on June 15, 2026 ("Answer"). (Dkt. No. 8). The Answer conceded that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[2]   (Dkt. No. 8 at 2.)

---

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF.  These numbers are printed in a blue ribbon at the top of each page filed on the docket.

[2] On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.

2

In light of Respondents' concession that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, Petitioner is entitled to a bond hearing.

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide him with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: June 16, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

---

*See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).